**TAMPA INTERSTATE 75 LIMITED PARTNERSHIP, Plaintiff,**

v.

**FLORIDA GAS TRANSMISSION COMPANY, Defendant.**

**No. 8:03–CV–1962–T–26TBM.**

United States District Court, M.D. Florida. Tampa Division.

Oct. 23, 2003.

David M. Corry, Esquire and Brian A. Bolves, Esquire of Bricklemyer Smolker & Bolves, P.A., Tampa, Florida for the Defendants, Florida Gas Transmission Company.

John T. Wettach, Esquire of Lowndes, Drosdick, Doster, Kantor, & Reed, P.A., Orlando, Florida for the Plaintiffs, Tampa I–75 Partnership.

## ORDER

LAZZARA, District Judge.

This cause comes before the Court on Defendant's Amended Motion to Dismiss and exhibits (dkt.5) and Memorandum of Law in Support (dkt.6). Also before the Court is Plaintiff's Response thereto (dkt.9).

On June 11, 2002, the Thirteenth Judicial Circuit Court in Hillsborough County entered an order allowing Defendant to obtain title and possession of a certain portion of Plaintiff's property pursuant to the "quick take" powers of Chapter 74, Florida Statutes. (dkt.5, ex. A) Plaintiff

appealed the order. While the appeal was pending, Defendant constructed a natural gas transmission pipeline on the subject property and natural gas service commenced, pursuant to the Federal Energy Regulatory Commission's Certificate of Public Convenience and Necessity. (*See* dkt. 5, ex. B.) On August 8, 2003, the Second District Court of Appeal reversed the circuit court order, finding that Defendant is not a public utility corporation entitled to use the quick-take provisions of Chapter 74. (dkt.9, ex. A)

On August 21, 2003, Plaintiff filed the instant Complaint in the Thirteenth Judicial Circuit Court, alleging that Defendant unlawfully entered onto a portion of its property when it installed the pipeline without legal right and retained possession of the property. (dkt.2) Plaintiff raised three specific causes of action: (1) trespass; (2) ejectment; and (3) unlawful detainer. (*Id.*) Defendant removed the action to this Court on September 16, 2003, based on diversity of citizenship and because Plaintiff seeks relief that is cognizable only under the Natural Gas Act, 15 U.S.C. § 717, et seq. (2000). (dkt.1) October 10, 2003, the Second District denied Defendant's motions for rehearing, motion for certification, and motion for oral argument. (*Id.*)

■ In light of the finality of the Second District Court of Appeal's ruling on the order of taking, the issues raised in the instant Complaint appear to be ripe for review. However, this Court must invoke the doctrine of primary administrative jurisdiction and refer the issues raised therein to the Federal Energy Regulatory Commission (FERC). *See In re Long Distance Telecommunications Litigation,* 831 F.2d 627, 629–30 (6th Cir.1987) (primary jurisdiction applies where claim is originally cognizable in courts but regulatory scheme requires enforcement of the claim by an administrative body (quoting *United States v. Western Pacific R.R.,* 352 U.S. 59, 63–65, 77 S.Ct. 161, 1 L.Ed.2d 126 (1956)).) Where the issues raised require the expertise of administrative agencies, federal courts often decline to exercise the jurisdiction and refuse to hear the claim based on the doctrine of primary jurisdiction. *See, e.g., Aircraft & Diesel Equip. Corp. v. Hirsch,* 331 U.S. 752, 767, 67 S.Ct. 1493, 91 L.Ed. 1796 (1947).

Defendants correctly argue that Plaintiff's requested relief of ejecting and dispossessing Defendant and its intrastate natural gas pipeline facility from the subject property, together with the resulting disruption of pipeline operations, would effect an abandonment and reroute of such facilities without FERC approval, thereby violating the FERC Certificate and Section 717f of the Natural Gas Act. And as Defendant points out, the exclusive provisions for rehearing, review, or modification of an order issued by the FERC are contained within Sections 19(a) and (b) of the Natural Gas Act. *See* 15 U.S.C. §§ 717r(a), (b). The FERC even has procedures for untimely intervention, for good cause shown, to allow aggrieved persons to become parties to its proceedings. *See* 18 C.F.R. § 157.10(a). Similarly, the Natural Gas Act has exclusive procedures for abandoning facilities and services:

> No natural gas company shall abandon any portion of its facilities subject to the jurisdiction of the commission, or any service rendered by means of such facilities, without the permission and approval of the commission first had and obtained, after due hearing, and a finding by the commission that the available supply of natural gas is depleted to the extent that the continuance of service is unwarranted or that the present or future public convenience or necessity permits such abandonment.

15 U.S.C. § 717f(b). The FERC rules provide the specific procedures for making application to abandon facilities and service. 18 C.F.R. § 157.18.

**ACCORDINGLY,** it is **ORDERED AND ADJUDGED:**

1. Under the doctrine of primary jurisdiction, the Court hereby **REFERS** the Complaint to the Federal Energy Regulatory Commission (FERC) for a decision. Plaintiffs are directed to file a petition for a determination of the issues contained in the Complaint with the FERC within 30 days of the date of the entry of this order.

2. The Clerk of the Court shall certify a copy of the entire record in this case to be transmitted to the FERC upon request by that agency.

3. Defendant's Amended Motion to Dismiss (dkt.5) is denied as moot.

4. The Clerk is directed to administratively close this case subject to being reopened following a determination by the FERC.